UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEILANI R., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C23-1818-MLP <br><br> ORDER |

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by misevaluating her testimony and one medical opinion. (Dkt. # 9.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).[1]

## II. BACKGROUND

Plaintiff was born in 1984, has a high school education, and last worked as a sales clerk. AR at 29. Plaintiff was last gainfully employed in December 2019. *Id.* at 20.

---

[1] The Parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 2.)

ORDER - 1

In July 2021, Plaintiff applied for benefits, alleging disability as of December 2019. AR at 238-44. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 114-24. After the ALJ conducted a hearing in March 2023, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 15-62.

Using the five-step disability evaluation process,[2] the ALJ found, in pertinent part, Plaintiff has the severe impairments of obesity, migraines, visual disturbances, hypothyroidism, and hearing loss, and can perform light work with some exceptions. AR at 20, 24. She can frequently climb ramps and stairs, stoop, and kneel. *Id.* at 24. She can occasionally crawl and climb ladders, ropes, or scaffolds. *Id.* She cannot be frequently exposed to excessive levels of industrial noise, respiratory irritants, and hazards. *Id.*

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

---

[2] 20 C.F.R. § 404.1520.

ORDER - 2

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.  DISCUSSION

### A.  The ALJ Erred in Evaluating Plaintiff's Testimony

Absent evidence of malingering, an ALJ is required to provide clear and convincing reasons to discount a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify "*which* testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that testimony."). The ALJ found Plaintiff's ability to handle childcare, prepare meals, and manage household chores inconsistent with her allegations that constant pain and dizziness left her bedridden half her days. AR at 27. Plaintiff argues these activities are neither inconsistent with her testimony nor comparable to the pressures of a workplace environment. (Dkt. # 9 at 4.) The Commissioner contends the ALJ reasonably determined that Plaintiff's activities undermined the severe limitations she described. (Dkt. # 12 at 4.)

The Ninth Circuit has consistently underscored the need for ALJ's to exercise particular caution when assessing whether daily activities, even those carried out amidst pain or other

ORDER - 3

1  impairments, contradict claims of disability. *See*, *e.g.*, *Garrison v. Colvin*, 759 F.3d 995, 1016
2  (9th Cir. 2014); *Smolen v. Chater*, 80 F.3d 1273, 1284 n. 7. (9th Cir. 1996); *Fair v. Bowen*, 885
3  F.2d 597, 603 (9th Cir. 1989); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *Vertigan v.*
4  *Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). This caution is necessary because individuals
5  should not face penalties for attempting to maintain a semblance of normalcy in their lives. The
6  question the ALJ should answer is "whether the claimant engages in daily activities inconsistent
7  with the alleged symptoms." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007).

8  In this case, the records the ALJ relied on indicate that Plaintiff's childcare duties
9  consisted of waking her son up, walking him to the bathroom, sitting on the couch while he gets
10 dressed, putting his backpack on, and kissing him goodbye before going to sleep. AR at 49-50.
11 Plaintiff reported being unable to do these activities on bad days and that her husband was
12 responsible for picking her son up from school, helping brush his teeth, and combing his hair. *Id.*
13 There is no reasonable basis to conclude that occasionally helping a child get ready for school
14 contradicts Plaintiff's testimony or is probative of her ability to perform work activity. *See*
15 *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

16 The ALJ's characterization of Plaintiff's ability to prepare meals and manage household
17 chores is also not entirely accurate. Plaintiff testified that she could cook frozen meals but
18 explained full meals took longer because she needed to take frequent breaks due to pain in her
19 knees and joints. AR at 50, 330, 357. As to household chores, Plaintiff reported that she could
20 fold laundry if her husband brought clothes to the couch for her and noted she used a rolling
21 chair to help with chores like the dishes. *Id.* The ALJ did not articulate why Plaintiff's occasional
22 childcare duties, ability to reheat frozen meals, or use of an assistive device to do dishes was
23 inconsistent with her testimony. *See Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). The

ORDER - 4

Court thus finds substantial evidence does not the support the ALJ's evaluation of Plaintiff's activities.

The ALJ also erred in rejecting Plaintiff's testimony on account of the supposedly "conservative" treatment she received. AR at 27. Any evaluation of the aggressiveness of a treatment regimen must consider the condition being treated. *See Revels*, 874 F.3d at 668. Here, Plaintiff points out that she received audiological and otology testing, steroid injections, and cortisone injections. (Dkt. # 9 at 6-7; citing AR at 776, 920-24, 1178-79, 1188-89.) The ALJ provided no explanation for deeming this treatment "conservative" for vertigo and hearing loss. Consequently, the ALJ failed to meet the high bar for rejecting a claimant's symptom testimony.

Finally, the ALJ stated that Plaintiff's testimony was undercut by the lack of complaints regarding her fatigue and headaches. AR at 27. As Plaintiff highlights, however, substantial evidence does not support the ALJ's conclusion. (Dkt. # 9 at 7-8.) Contrary to the ALJ's finding, the longitudinal record reflects frequent reports of fatigue and headaches to treatment providers. AR at 805-06, 899, 907, 1027, 1038-39, 1049, 1068, 1082, 1484 (fatigue); *id.* at 677, 682, 780, 909, 1015, 1017, 1019, 1094, 1178, 1311, 1459 (headaches). The Court thus finds the ALJ erred in discounting Plaintiff's testimony due to lack of complaints related to fatigue and headaches.

**B.     The ALJ Erred in Evaluating Medical Opinion of Shannon Latta, ARNP**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

In January 2023, ARNP Latta provided a medical source statement assessing Plaintiff's limitations. AR at 1143-46. ARNP Latta opined that Plaintiff was limited to standing, walking, and sitting for two hours in an eight-hour workday, would need to take unscheduled work breaks during the day, and would be absent one to two days per week. *Id.* The ALJ found this opinion unpersuasive, noting it was unsupported by narrative explanation and inconsistent with the medical evidence. *Id.* at 28. Plaintiff argues the ALJ's conclusion are not supported by substantial evidence and contends the ALJ failed to explain why her interpretations, rather than the doctors', are correct. (Dkt. # 9 at 9-13.) The Court agrees.

In evaluating the opinion for supportability, the ALJ concluded the opinion failed to support the degree of limitation it assessed. AR at 28. Contrary to the ALJ's finding, however, ARNP Latta indicated Plaintiff's vertigo, left ear dysfunction and vestibular issues, frequent falls, and chronic fatigue supported her assessment. It is insufficient for an ALJ to simply disagree with a doctor. *See Reddick*, 157 F.3d at 725 ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Moreover, the ALJ's conclusory rejection of the supportability of this opinion is closely tied to the reasons the ALJ provided when discounting Plaintiff's testimony. *Id.* at 27-28. As discussed *supra*, the ALJ erred in rejecting Plaintiff's testimony on this basis. Accordingly, the Court finds the ALJ erred in rejecting ARNP Latta's opinion with the same rationale.

As to consistency, the ALJ determined that ARNP Latta's opinion was inconsistent with Plaintiff's unremarkable exam findings, which reported "no acute distress, clear corneas, full visual fields, no neurological deficits, intact sensation, intact reflexes, intact coordination, 5/5 strength, and a normal gait." AR at 28. This is an unreasonable finding. *See* 20 C.F.R.

§ 404.1529(c)(2)-(3) (ALJ will not reject statements "solely because the available objective medical evidence" does not substantiate it, severity of impairments may not always be shown "by objective evidence alone."); *see also Beneke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (ALJ erred by requiring objective evidence of fatigue caused, in part, by fibromyalgia, "sheer disbelief is no substitute for substantial evidence.")). Appearing in "no acute or apparent distress" is not inconsistent with Plaintiff's allegations of waxing-and-waning symptoms. *See Loretta S. v. Comm'r of Soc. Sec. Admin.*, 2020 WL 4559817, at *4 (D. Or. Aug. 7, 2020) (finding ALJ erred by relying, in part, on treatment notes indicating "no apparent distress" to discount plaintiff's fatigue); *see also Sara O. v. Comm'r of Soc. Sec. Admin.*, 2021 WL 4077781, at *2 (W.D. Wash. Sept. 8, 2021) (finding ALJ erred, in part, by relying on normal presentation, strength, and range of motion to discount plaintiff's fatigue). The fact that some findings in the record were normal does not prove anything about Plaintiff's vertigo, fatigue, headaches, or chronic pain, nor does it relieve the ALJ of her duty to discuss it. *See Levin v. Schweiker*, 654 F.2d 631, 634-35, esp. 634 n. 7. (9th Cir. 1981) (ALJ must make "full and detailed findings of fact" supporting ultimate determination of disability).

While it is true the ALJ cited some notes reflecting normal findings, such observations must be "read in context of the overall diagnostic picture" the provider draws. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). That a person has "occasional symptom-free periods" is not inconsistent with finding that person too disabled to function in the workplace. *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995). Moreover, as Plaintiff highlights, (dkt. # 9 at 11-12), treatment notes consistently document chronic head pain (AR at 473, 479, 682, 677, 780, 909, 1015, 1017, 1019, 1094, 1178, 1311, 1459), knee pain (*id.* at 767, 770, 774, 776, 920, 924, 1076, 1082, 1092, 1240-43, 1270, 1534, 1568-69), dizziness and falls (*id.* at 370, 827, 1094, 1178, 1240, 1287-88,

1377-78, 1432-34, 1525, 1547-50), and fatigue. *Id.* at 805-06, 899, 907, 1027, 1038-39, 1049, 1068, 1082, 1484, 1082. Substantial evidence thus does not support the ALJ's consistency finding.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate Plaintiff's testimony and ARNP Latta's opinion, further develop the record and redetermine RFC as needed, and proceed to the remaining steps of the disability determination process as appropriate.

Dated this 27th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge